Bernstein-Burkley, P.C.
Keri P. Ebeck, Esquire
Bar No. 262092017
707 Grant Street, Suite 2200, Gulf Tower
Pittsburgh, PA 15219
(412) 456-8112

Order Filed on September 21, 2018
by Clerk
U.S. Bankruptcy Court
District of New Jersey

**ATTORNEY FOR CREDITOR: REGIONAL ACCEPTANCE CORPORATION**

**IN THE BANKRUPTCY COURT FOR THE
DISTRICT OF NEW JERSEY (TRENTON)
HONORABLE CHRISTINE M. GRAVELLE**

| | | |
|---|---|---|
| In re: | : | Case No. 15-18866-CMG |
| | : | |
| CONSTANCE W HURTT | : | |
| | : | |
| Debtor, | : | |
| | : | Chapter 13 |
| | : | |
| | : | Hearing Date: August 15th, 2018 |
| | : | |

CONSENT ORDER MODIFYING STAY AS TO MOTOR VEHICLE
2011 JEEP GRAND CHEROKEE LARADO 4D FILED ON JULY 19th, 2018

The relief set forth on the following pages, number (2) through (3) is hereby

ORDERED.

**DATED: September 21, 2018**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

| | |
|---|---|
| Debtors: | Constance W. Hurtt |
| Case No.: | 15-18866-CMG |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

1. The 11 U.S.C. §362(a) Stay as to Regional Acceptance Corporation, ("Movant"), with respect to the personal property of Debtor described as a 2011 Jeep Grand Cherokee Larado Utility 4D 4WD 3.6L VIN# 1J4RR4GG4BC546755, in accordance with the agreement of the Debtor and Movant is hereby modified and shall remain in effect PROVIDED THAT Debtor comply with the following terms and conditions:

The arrears are $2,767.00 as of the date of this Consent Order. Debtor shall cure the arrears and fees and costs by making the following payments on the following dates:

September 13, 2018 - $1,160.17

October 13, 2018 - $1,160.17

November 13, 2018 - $1,160.17

December 13, 2018 - $1,160.17

January 13, 2019 - $1,160.17

February 13, 2019 - $1,160.17

Debtor shall then be responsible for timely making all future regular monthly payments to Movant starting with the payment of $699.00 due on March 13, 2019. Failure to make future monthly payments shall also be cause for default under this Consent Order.

2. The term "payment" as set forth in Paragraph 1, *supra,* does not include a check that is returned due to insufficient funds, account closed or is otherwise not capable of negotiation for any other reason.

3. Debtor will be in default under the Consent Order in the event that Debtor fails to comply with the payment terms and conditions in Paragraph 1, *supra.* If Debtor fails to cure the default within ten (10) days from the date of default, Movant may file a Certification of

2

| | |
|---|---|
| Debtors: | Constance W. Hurtt |
| Case No.: | 15-18866-CMG |
| Caption of Order: | Consent Order Modifying Stay as to Personal Property |

Default on five (5) days' notice to Debtor's, counsel for Debtors and the Chapter 13 Trustee for an Order lifting the automatic Stay imposed under 11 U.S.C. §362(a) and permitting Movant to exercise any rights under the loan documents with respect to the motor vehicle including, but not limited to, initiating and completing sale of the motor vehicle without regard to any future conversion of this matter to a different form of bankruptcy.

    4.    The failure of Movant to file a notice of default will not be construed or act as a waiver of any of the rights of Movant under the Consent Order.

    5.    In the event Debtor converts to a bankruptcy under any Chapter other than Chapter 13 of the Bankruptcy Code, then the Debtor shall pay all pre-petition arrears and post-petition arrears within fifteen (15) days from the date the case is converted from Chapter 13 to any other Chapter.

Dated: September 13, 2018