UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

Caption in Compliance with D.N.J. LBR 9004-2(c)

Law Office of Peter Zimnis

1245 Whitehorse Mercerville Rd

Trenton, NJ 08619

609-581-9353

Attorneys for Debtor Constance W. Hurtt

In Re:

CONSTANCE W. HURTT AKA CONSTANCE W. JONES-HURT,

           Debtor

Order Filed on January 22, 2019
by Clerk
U.S. Bankruptcy Court
District of New Jersey

Case Number:     15-18866-CMG

Hearing Date:    12/10/2018

Judge:           Christine Gravelle

Chapter:         13

Recommended Local Form: ☐ Followed       ☐ Modified

**AMENDED ORDER RESOLVING MOTION FOR RELIEF FROM AUTOMATIC STAY**

The relief set forth on the following pages two through four is hereby **ORDERED.**

**DATED: January 22, 2019**

Honorable Christine M. Gravelle
United States Bankruptcy Judge

Page 2

Debtor: Constance Hurtt

Case No.: 15-18866-CMG

Caption of Order:    Amended Consent Order Resolving Motion for Stay Relief from Automatic Stay

Secured Creditor Deutsche Bank National Trust Company as Trustee for Soundview Home Loan Trust 2005-4, Asset-Backed Certificates, Series 2005-4 (the "Secured Creditor"), having filed a Motion for Relief from the Automatic Stay (the "Motion") regarding the real property located at 8 Chambord Court, Hamilton, New Jersey 08619 (the "Property") owned by Constance W. Hurtt aka Constance W. Jones-Hurtt, the Chapter 13 Debtor in this proceeding (the "Debtor') on which Secured Creditor holds a mortgage lien, and it appearing that Secured Creditor and the Debtor have resolved the issues in the Motion upon the terms set forth herein, and upon the mutual consent of Secured Creditor and the Debtor, and no further notice need be given, and good and sufficient cause appearing for the entry of the within Consent Order, it is hereby ORDERED AS FOLLOWS:

1.  Debtor, as of July 2016, had post-petition arrears on mortgage payments due to Secured Creditor for the January 1, 2016 monthly payment through and including the July 1, 2016 payment which totaled $9,219.98 less partial payments in the amount of $189.42 for an amount of $9,030.56. In addition, Secured Creditor incurred fees and costs of $526.00 for the preparation and filing of this Motion for Relief from Stay; when combined with the arrears, the total amount due and owing by Debtor was $9,556.56.

2.  The Debtor cured these arrears by making an initial payment in the amount of $3,000.00 directly to Secured Creditor within ten (10) days of the date of entry of this Order. The balance of the arrears were cured when the debtor was granted a loan modification on or about January 2017. At this time, any and all arrears that existed on Secured Creditor's claim have been addressed either through disbursements made from the Trustee that is reflected on the Amended Proof of Claim filed on March 30, 2017 or through the loan modification obtained by Debtor on January 2017. The Standing Chapter 13 Trustee is not obligated to make any further

Page 3

Debtor: Constance Hurtt

Case No.: 15-18866-CMG

Caption of Order: Amended Consent Order Resolving Motion for Stay Relief from Automatic Stay

disbursements to Secured Creditor at this time. However, debtor shall remain responsible for staying current with her regular monthly mortgage payments.

3. The Debtor shall be in default of this Consent Order if the above referenced payment to Secured Creditor is not received within thirty (30) days of its due date. A payment made late or that fails to clear due to insufficient funds shall also trigger default of this Consent Order. Upon a default, Secured Creditor may exercise any and all remedy available under the law including but not limited to submitting a Certification of Default to the Bankruptcy Court to seek relief from the automatic stay.

4. The parties to this Consent Order, and anyone who succeeds to their rights and responsibilities hereunder, their successors and assigns, are bound by this Consent Order. This Consent Order is for the benefit of the named parties and all who succeed to their rights and responsibilities.

5. This Consent Order reflects and constitutes the entire understanding and agreement between the consenting parties respecting this matter. No changes, alterations, modifications, or qualifications to the terms stated here shall be made or binding unless made in writing and signed by the consenting parties hereto.

6. No delay or failure by either party to exercise any right hereunder, or no partial or single exercise of any such right, shall constitute a waiver of that or any other right, unless otherwise expressly provided herein.

7. This Consent Order shall be governed by and construed in accordance with the laws of the State of New Jersey, without giving effect to principles of conflicts of laws, and any and all disputes under and related to this Consent Order shall be exclusively within the

Page 4

Debtor: Constance Hurtt

Case No.: 15-18866-CMG

Caption of Order:    Amended Consent Order Resolving Motion for Stay Relief from Automatic Stay

jurisdiction of the United States Bankruptcy Court for the District of New Jersey or an appellate court thereof and, failing such jurisdiction, within the courts of the State of New Jersey.

8. If any of the provisions of this Consent Order shall be later held to be invalid or unenforceable according to law, the remaining provisions herein shall not be affected thereby and shall continue in full force and effect only to the extent the intent of the parties to this Consent Order can be fully carried out.

9. The parties to this Consent Order agree and acknowledge that this is a negotiated Consent Order and that the rule of construction that any ambiguities be construed against the drafting party shall not apply.

10. The parties understand and agree to the terms of this Consent Order. By signing this Consent Order, the parties acknowledge and agree that they have duly considered, approved, and authorized this Consent Order, and have taken all necessary actions for it to be valid and binding. The parties further acknowledge that the individual, officer, agent, representative, or employee signing this Consent Order has the express authority to and has been afforded a reasonable and sufficient period of time to review the terms thereof and has signed it freely and voluntarily and without duress or coercion and with full knowledge and consent that the consideration for signing this Consent Order are the terms stated herein and no other promise, agreement, or representation of any kind has been made to any person to cause such individual, officer, agent, representative, or employee signing this Consent Order to execute same.

| Law Offices of Peter E. Zimnis | Frenkel Lambert Weiss Weisman & Gordon LLP |
|---|---|
| Attorneys for Chapter 13 Debtor | Attorneys for Secured Creditor |
| /s/ John Zimnis | /s/ Sean O'Brien |
| John Zimnis, Esq. | Sean O'Brien, Esq. |
| 1245 Whitehorse Mrcrvll Road | 80 Main Street, Suite |
| Trenton, NJ 08619 | West Orange, NJ |
| Dated: December   , 2018 | Dated: December |